568

## In re PITTSBURGH TERMINAL COAL CORPORATION.

### No. 20716.

District Court, W. D. Pennsylvania.

Oct. 14, 1942.

Reed, Smith, Shaw & McClay, Arthur B. Van Buskirk, and Thomas W. Pomeroy, Jr., all of Pittsburgh, Pa., for Pittsburgh & West Virginia Ry. Co., Electric Manufacturing & Repair Co., and Pittsburgh Gage & Supply Co.

William E. Schoyer, of Pittsburgh, Pa., for Pittsburgh Terminal Coal Corporation, debtor.

Baker & Watts, of Pittsburgh, Pa., for Newell G. Alford and S. W. Blakslee, Receivers of Pittsburgh Terminal Coal Corporation, debtor.

Patterson, Crawford, Arensberg & Dunn, of Pittsburgh, Pa., for North American Coal Corporation.

William R. Scott, by Robert C. McEwan, both of Pittsburgh, Pa., for Metropolitan Life Ins. Co.

Abraham Herman, of Pittsburgh, Pa., and Howard S. Guttmann, of New York City, for Rita Crepeau, Irene Guttmann, Emanual Karman, Arthur Bainton, Albert Healey, and Howard S. Guttmann, alleged "Creditors", and Howard S. Guttmann, common stockholder, of Pittsburgh Terminal Coal Corporation.

James I. Marsh, of Pittsburgh, Pa., special counsel to William G. Heiner Esq., disinterested trustee.

Smith, Buchanan & Ingersoll and William H. Eckert, all of Pittsburgh, Pa., for indenture trustee.

GIBSON, District Judge.

On July 1, 1941, an order was made whereby the Trustees were authorized to accept the offer of the Castle Shannon Coal Corporation to purchase the No. 8 Mine of the Debtor, with its equipment, under certain terms and commitments in which the Pennroad Corporation was interested. The North American Coal Corporation and The Pittsburgh & West Virginia Railway Company appeared at the hearing preceding the order and urged the acceptance of the offer of the Castle Shannon Coal Corporation, the former as an asserted creditor, and the latter as a creditor and guarantor of the Mortgage Bonds of the Debtor. On October 1, 1941, the transfers contemplated by the order were completed and the agreements mentioned in it went into effect, and have since been in operation.

On August 27, 1942, the Trustee of the Debtor filed a petition for what he termed an order for the modification of said order of July 1, 1941, but which is actually a petition for the vacation of the order. Rules to show cause were issued upon the Castle Shannon Coal Corporation, the Pennroad Corporation, The North American Coal Corporation and the Pittsburgh & West Virginia Railway Company, and answers to the petition have been filed pursuant to the rules.

On October 3, 1942, counsel for the Trustee gave notice to counsel for the Pittsburgh & West Virginia Railway Company and the Pennroad Corporation that they desired to take the depositions of the President and Treasurer of the Railway Company and other unnamed officers and employes, on October 14, 1942, at the office of that Company in Pittsburgh. Attached to the notice was a "List of matters about which depositions are to be taken."[1] This

---

[1] List of Matters About Which Depositions Are to be Taken

1. The creation and guarantee of the bond issue known as "Pittsburgh Terminal Railroad & Coal Company First Mortgage Five Percent 40 Year Sinking Fund Gold Bonds" dated July 1, 1902, the inter-relationship of the parties to the transaction, and the extent of the application of the proceeds thereof for the benefit of West Side Belt Railroad.

2. The acquisition by The Pittsburgh

list contains seventeen paragraphs, the first of which relates to the First Mortgage Bonds of the Pittsburgh Terminal Railroad & Coal Company in 1902, and the last to "All other facts and data pertaining to the relationship after December 1, 1924, between the Pittsburgh & West Virginia Railway Company and Pittsburgh Terminal Coal Corporation." Practically all of the paragraphs relate to matters antedating the order of July 1, 1941, by a number of years.

The Pittsburgh & West Virginia Railway Company has moved the court for an order directing that the depositions be not taken, and arguments upon this motion have been heard.

The petition of the Debtor's Trustee has charged the Pittsburgh & West Virginia Railway Company, the Pennroad Corporation and The North American Coal Corporation, with being members of a past or present conspiracy to defraud the Debtor, and asserts that the association with them in the Castle Shannon Coal Corporation, the result of the order sought to be vacated, is fraught with danger to the interests of the Debtor. The tangible injury suggested

& West Virginia Railway Company of $3,800,000 of Pittsburgh Terminal Railroad and Coal Company First Consolidated Mortgage Bonds dated May 1, 1905, application of the proceeds thereof, receipt of interest thereon, and exchange thereof for preferred capital shares of Pittsburgh Terminal Coal Company.

3. The creation and accumulation of the debt owing by West Side Belt Railroad Company to Pittsburgh Terminal Coal Company and the assignment thereof to The Pittsburgh & West Virginia Railway Company on May 3, 1920.

4. The acquisition by The Pittsburgh & West Virginia Railway Company (and its predecessor Wabash Pittsburgh Terminal Railroad Company) of the capital shares of Pittsburgh Terminal Coal Company and West Side Belt Railroad Company, respectively.

5. The merger of the West Side Belt Railroad Company with The Pittsburgh & West Virginia Railway Company.

6. Liquidation or other disposition of the claim against West Side Belt Railroad Company acquired by The Pittsburgh & West Virginia Railway Company from Pittsburgh Terminal Coal Company.

7. The merger of Meadowlands Coal Company and Pittsburgh Terminal Coal Company and the sale by The Pittsburgh & West Virginia Railway Company of the capital shares of Pittsburgh Terminal Coal Corporation, including all statements to the public and to shareholders of The Railway Company.

8. The acquisition by Pittsburgh Terminal Coal Company in 1924 of preferred stock of The Pittsburgh & West Virginia Railway Company.

9. The record ownership and the real ownership since May, 1920 of the controlling interest in the capital shares of The Pittsburgh & West Virginia Railway Company and all payments made by it to its controlling persons in the same period.

10. The reports of West Side Belt Railroad Company and The Pittsburgh & West Virginia Railway Company to shareholders and to the Interstate Commerce Commission from 1902, and the reports of The Pittsburgh & West Virginia Railway Company to the Securities and Exchange Commission.

11. Participation by The Pittsburgh & West Virginia Railway Company after December 1, 1924, directly and indirectly, in the management and operation of Pittsburgh Terminal Coal Corporation, especially in the correlation of the production of the Coal Company to the demands of the Railway Company for freight traffic.

12. Revenues derived by The Pittsburgh & West Virginia Railway Company from the transportation of coal of Pittsburgh Terminal Coal Corporation, including demurrage charges.

13. Expenditures made by Pittsburgh Terminal Coal Corporation and its predecessor, Pittsburgh Terminal Coal Company, on behalf of West Side Belt Railroad Company and Wabash Pittsburgh Terminal Railroad Company.

14. Expenditures made by The Pittsburgh & West Virginia Railway Company and other extensions of credit on behalf of Pittsburgh Terminal Coal Corporation.

15. The participation by The Pittsburgh & West Virginia Railway Company in the activities of and its relationship with the Receivers for Pittsburgh Terminal Coal Corporation.

16. The participation by The Pittsburgh & West Virginia Railway Company in formulation and consummation of the plan under which Castle Shannon Coal Corporation was created and acquired the assets of Pittsburgh Terminal Coal Corporation.

17. All other facts and data pertaining to the relationship after December 1, 1924, between The Pittsburgh & West Virginia Railway Company and Pittsburgh Terminal Coal Corporation.

is found in Paragraph 11 of the petition, which asserts that if the association continues it would be necessary for the Debtor to conduct a continuous investigation of the affairs of Castle Shannon which would be broader in scope than the usual financial audit, and which would lead to litigation.

An examination of the order of July 1, 1941 (synopsized on pages 3 and 4 of the petition to vacate), will disclose that The Pittsburgh & West Virginia Railway Company was not a member of the association approved by the order. It appeared at the hearing upon the Trustee's petition for said order only in the guise of a creditor and guarantor of the Debtor's bonds and as such it approved the plan proposed. It contributed nothing but advice and received nothing other than the expectation of hauling coal from the No. 8 Mine for several additional years. Under these circumstances, even though the charges of the present petition of the Trustee are serious, it is hard to see why it might properly be subjected to the extensive discovery contemplated by the depositions in this limited proceeding. If the charges are justified, and discovery needed, let the discovery be obtained in a proceeding in which it is a direct participant, such as upon its claim upon distribution or upon direct suit against it, and not upon a matter in which its interest is collateral.

The court will set aside the notice to take depositions and order that the depositions contemplated by it be not taken in this proceeding. In so doing not the least of the reasons moving it is the labor, expense and, above all, the delay which would be occasioned by taking them.